# Exhibit 1

# Complaint
# Filed June 10, 2020

RECEIVED FOR SCANNING
VENTURA SUPERIOR COURT

JUN 10 2020

1  James R. Hawkins, Esq. SBN 192925
   Gregory Mauro, Esq. SBN 222239
2  Michael Calvo, Esq. SBN 314986
3  **JAMES HAWKINS APLC**
   9880 Research Drive, Suite 200 Irvine,
4  CA 92618
   TEL: (949) 387-7200
5  FAX: (949) 387-6676
   Email: James@jameshawkinsaplc.com
6  Greg@jameshawkinsaplc.com
7  Michael@jameshawkinsaplc.com

8  Attorneys for Plaintiff, SANDRA QUINTANILLA
   on behalf of herself and all others similarly situated
9

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                     COUNTY OF VENTURA

| | |
|---|---|
| 12  SANDRA QUINTANILLA individually and on behalf of all others similarly situated | Case No. |
| 13 | **CLASS ACTION COMPLAINT** |
| 14          Plaintiff, | 1) **Violation of California Consumer Legal Remedies Act, California Civil Code §§ 1750, *et. seq.* (injunctive relief only);** |
| 15  vs. | |
| 16  WW INTERNATIONAL, INC., dba WEIGHT WATCHERS, a Virginia Corporation, and | 2) **Violation of California's Unfair Competition Law, California Business & Professions Code §§ 17200, *et. seq.*;** |
| 17  DOES 1 through 50, inclusive, | |
| 18          Defendants. | 3) **Violation of California's False Advertising Law, California Business & Professions Code §§17500, *et. seq.*;** |
| 19 | |
| 20 | 4) **Money Had and Received;** |
| 21 | 5) **Unjust Enrichment; and** |
| 22 | 6) **Breach of Contract** |
| 23 | **JURY TRIAL DEMANDED** |

24
25
26
27
28

- 1 -

QUINTANILLA CLASS ACTION COMPLAINT

Exhibit 1
6

Plaintiff SANDRA QUINTANILLA (hereinafter "Plaintiff") individually and on behalf of all others similarly situated assert claims against Defendants WW INTERNATIONAL, INC., dba WEIGHT WATCHERS and DOES 1 through 50 (hereinafter "WEIGHT WATCHERS" or "Defendants") as follows:

<div align="center">

**I.**

**INTRODUCTION**

</div>

1.     This is a consumer protection class action, pursuant to Code of Civil Procedure section 382, brought against Defendants and any subsidiaries and affiliated companies on behalf of Plaintiff and all others similarly situated.

2.     Defendants charge a monthly fee to use WEIGHT WATCHERS, a global company specializing in providing services to assist in healthy habits, including weight loss and maintenance, and fitness. WEIGHT WATCHERS has locations across the United States, including in California.  On March 16, 2020, as the Coronavirus pandemic grew throughout the world, Defendants closed all of its WEIGHT WATCHERS locations throughout the country, preventing Plaintiff and others from using all the services covered by the monthly fee.  Plaintiff seeks to recover monies of loss of use.

3.     Plaintiff seeks relief in this action individually and on behalf of all of consumers nationwide who paid Defendants' monthly membership fees after Defendants closed access to its WEIGHT WATCHERS locations.

<div align="center">

**II.**

**JURISDICTION AND VENUE**

</div>

4.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

5.     This Court has jurisdiction over all Defendants because, upon information and belief, they sufficient minimum contacts in California or otherwise intentionally avail themselves

<div align="center">

- 2 -

</div>

QUINTANILLA CLASS ACTION COMPLAINT

Exhibit 1

7

of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

6.     Venue as to each defendant is proper in this judicial district, pursuant to California Code of Civil Procedure section 395.  On information and belief, Defendants distribute, market and sell their products/services in Ventura County and throughout California, and each defendant is within the jurisdiction of this Court for service of process purposes.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and the United States.

## III.

## PARTIES

7.     Plaintiff is a citizen of California, residing in Santa Paula, California.  At all relevant times, Plaintiff was enrolled in a WEIGHT WATCHERS' program and has been paying a monthly fee.

8.     Defendant WEIGHT WATCHERS is a Virginia corporation with its headquarters, upon information and belief, located at 675 Avenue of the Americas, New York, NY. Defendant operates and maintains over 3,000 brick and mortar locations across the United States, including California.

9.     The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names.  Plaintiff is informed and believes and based thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

10.     Plaintiff is informed and believes, and based thereon alleges, that Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each

- 3 -

QUINTANILLA CLASS ACTION COMPLAINT

Exhibit 1
8

Defendant are legally attributable to the other Defendants.

**IV.**

**FACTUAL BACKGROUND**

11.     Defendants operate programs and have a website (https://www.weightwatchers.com/us/) to enroll.  On its website, WEIGHT WATCHERS touts that it holds more than 40,000 meetings each week where members receive group support and learn about healthy eating patterns, behavior modification and physical activity. (https://www.weightwatchers.com/about/crp/index.aspx).

12.     On March 16, 2020, as the coronavirus pandemic spread throughout the United States, Defendants closed all of its locations and prevented members from accessing these locations.

13.     Despite closing its locations after March 16, 2020, WEIGHT WATCHERS continued charging its members monthly membership fees. For example, Plaintiff's monthly fee is $44.95 per month, and Defendants debited Plaintiff's account for the full monthly fee for the months of March, April and May, 2020 while Defendants' locations were closed.

14.     Upon information and belief, Defendants have imposed, and continue to impose, monthly charges to Plaintiff and Class Members after the March 16, 2020 closing.

15.     After the closure of its physical locations, Defendants started providing less than equivalent online alternatives to its services originally provided via its brick and mortar locations, such as in-person group meetings, weigh-ins, and product purchasing. Despite these drastic changes to the membership services, Defendants continue to charge its members full monthly membership fees even though Defendants continue to deny its members access to and usage of its physical locations and all in-person services provided by Defendants' physical locations.

16.     As of date, Defendants have not issued/offered refunds or any other type of credit. By not doing so, Defendants are able to unlawfully and unfairly profit tens of millions of dollars.

- 4 -

QUINTANILLA CLASS ACTION COMPLAINT

Exhibit 1

9

## IV.

## CLASS DEFINITION AND ALLEGATIONS

17.    Pursuant to California Code of Civil Procedure 382, Plaintiff brings this action on behalf of herself and on behalf of all members of the following class and subclass of similarly situated individuals (hereinafter collectively "Class members"):

**Class:**

All individuals in the United States who paid monthly membership fees to Defendants for the WEIGHT WATCHERS program from March 17, 2020 to a date to be determined.

**California Subclass:**

All individuals in California who paid monthly membership fees to Defendants for the WEIGHT WATCHERS program from March 17, 2020 to a date to be determined.

18.    Excluded from the Class members are (1) Defendants, each of its corporate parents subsidiaries and affiliates, officers and directors, and any entity in which Defendants have a controlling interest; (2) persons who properly and timely request to be excluded; and (3) the legal representatives, successors, or assigns of any such excluded person or entities.

19.    **Numerosity.** The Class members consists of thousands, if not hundreds of thousands, of WEIGHT WATCHERS customers and is thus so numerous that joinder of all members is impractical.  Although the exact number of members is currently unknown to Plaintiff, the identities and addresses of the Class members can be readily determined from business records maintained by Defendants.

20.    **Typicality.**  Plaintiff's claims are typical of those belonging to Class members and stem from Defendants' improper and illegal practices as alleged in this complaint.  Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

21.    **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the

- 5 -

QUINTANILLA CLASS ACTION COMPLAINT

Exhibit 1
10

interests of the members of the Class members.  Plaintiff has retained highly competent counsel and experienced class action attorneys to represent her interests and that of the Class members. Plaintiff and her counsel have the financial resources to adequately and vigorously litigate this class action.  Plaintiff has no adverse or antagonistic interests to those of the Class.  Plaintiff is willing and prepared to serve the Court and the Class members in a representative capacity with all of the obligations and duties material thereto and is determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for Class members.

22.     **Common questions of law and fact predominate** over any individualized questions affecting Class members. Such questions include, but are not limited to:

a.      Whether Defendants should refund or credit Plaintiff and Class members for monthly membership fees paid after March 17, 2020;

b.      Whether Plaintiff and Class members are entitled to declaratory relief;

c.      Whether Plaintiff and Class members are entitled to preliminary or permanent injunctive relief, or other equitable relief, against Defendants;

d.      Whether Defendants' alleged conduct violates public policy;

e.      Whether a breach of contract including a breach of the implied covenant of good faith and fair dealing occurred; and

f.      Whether the alleged conduct constitutes violations of the laws asserted.

23.     **Superiority.**  A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all Class members is impractical. The injuries suffered by individual Class members are, though important to them, relatively small compared to the burden and expense of individual prosecution needed to address Defendants' conduct.  Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these

- 6 -

QUINTANILLA CLASS ACTION COMPLAINT

Exhibit 1
11

issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

24.     Plaintiff cannot be certain of the form and manner of a proposed notice to Class members until the Class is finally defined and discovery is completed regarding the identity of Class members. Plaintiff anticipates, however, that notice by mail or email will be given to Class members who can be identified specifically.  In addition, notice may be published in appropriate publications, on the Internet, in press releases and in similar communications in a way that is targeted to reach class members.  The cost of notice, after class certification, trial, or settlement before trial, should be borne by Defendants.

25.     Unless a Class is certified, Defendants will retain monies received as a result of its conduct that were taken from Plaintiff and Class members. Unless a Class-wide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be deceived

26.     Plaintiff reserves the right to modify or amend the definition of the proposed Class at any time before the Class is certified by the Court.

## VI.

## CAUSES OF ACTION

### First Cause of Action

**Violation of California Consumer Legal Remedies Act ("CLRA"),**

**California Civil Code §§ 1750 (injunctive relief only)**

27.     Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

28.     Plaintiff brings this claim individually and on behalf of the proposed Class members against Defendants.

29.     Plaintiff and Class members are consumers, as defined by California Civil Code §1761(d), who paid fees for use of Defendants' services for personal purposes. Defendants' program is a "service" within the meaning of defined by California Civil Code §1761(b).

- 7 -

QUINTANILLA CLASS ACTION COMPLAINT

Exhibit 1
12

30.     Defendants' retention of Plaintiff's and Class members' monthly membership fees without providing all promised benefits of the membership, including full in-person access to services, is an unfair business practice in violation of CLRA.

31.     Defendants violated and continue to violate the CLRA by engaging in the following practices, proscribed by California Civil Code § 1770(a), in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of Defendants' monthly membership program:

(5) Representing that goods or services have...characteristics...uses, benefits...that they do not have...

(7) Representing that goods or services are if a particular standard, quality or grade...if they are of another.

(9) Advertising goods or services with the intent not to sell them as advertised.

(16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

32.     Defendants violated the CLRA by representing and failing to disclose material facts regarding its monthly membership program, as described above, when they knew, or should have known, that the representations were false and misleading and that the omissions were of material facts they were obligated to disclose.

33.     Plaintiff and the Class members acted reasonably when they purchased and paid for a WEIGHT WATCHERS program expecting continued use of its original promised services. Plaintiff and the Class suffered injuries caused by Defendants because they have paid for and been deprived of the full value of Defendants' services.

34.     Plaintiff and the other Class members' injuries were proximately caused by Defendants' fraudulent and deceptive business practices.  However, Plaintiff and the other Class members reserve any claim for damages under the CLRA and by this Complaint bring only an action for injunctive relief under the CLRA pursuant to § 1782(d) of the Act.

35.     Pursuant to California Civil Code §1782(d), Plaintiff and the Class seek a Court

- 8 -

QUINTANILLA CLASS ACTION COMPLAINT

Exhibit 1
13

order enjoining the above-described wrongful acts and practices of Defendants.

36.     Pursuant to § 1782 of the Act, Plaintiff provided Defendants with written notice of its violations of the CLRA on May 21, 2020, attached hereto as **Exhibit A,** demanding that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to so act.

37.     If Defendants fail to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to § 1782 of the Act, Plaintiff will amend this Complaint to add claims for damages, restitution, and disgorgement under the CLRA as appropriate, under the California Civil Code § 1780, pursuant to California Civil Code § 1782(d) ("Not less than 30 days after the commencement of an action for injunctive relief, and after compliance with subdivision (a), the consumer may amend his or her complaint without leave of court to include a request for damages.").

38.     Pursuant to §1780(d) of the Act, attached hereto as **Exhibit B** is the affidavit showing that this action has been commenced in the proper forum.

39.     WHEREFORE, Plaintiff, and the Class members she seeks to represent, request relief as described herein and below.

<u>Second Cause of Action</u>

**Violation of Unfair Competition Law**

**(Bus. & Prof. Code, §§ 17200-17208)**

40.     Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

41.     Plaintiff brings this claim individually and on behalf of the Class members.

42.     Business & Professions Code Section 17200 provides:

As used in this chapter, unfair competition shall mean and include any unlawful, unfair, or fraudulent . . . business act . . .

43.     Defendants' retention of the monthly fees without providing the full services

- 9 -

QUINTANILLA CLASS ACTION COMPLAINT

Exhibit 1
14

1   promised, as set forth above, constitutes unlawful and/or unfair business acts or practices.

2       44.    A business act or practice is "unlawful" if it violates any established state or federal

3   law.

4       45.    In the course of conducting business, Defendants committed unlawful business

5   practices by making the misrepresentation and omissions described herein. Defendants violated

6   Cal. Civ. Code §§ 1572, 1573, 1709, 1711, 1770(a)(5), (7), (9) and (16); California Business &

7   Professions Code §§ 17500 *et seq.*; and the common law, including breach of contract. Defendants'

8   above-described wrongful acts and practices constitute actual and constructive fraud within the

9   meaning of Civil Code §§ 1572 and 1573, as well as deceit, which is prohibited under Civil Code

10   §§ 1709 and 1711.

11       46.    Plaintiff and the Class reserve the right to allege other violations of law, which

12   constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this

13   date.

14       47.    A business act or practice is "unfair" under the Unfair Competition Law if the

15   reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the

16   harm to the alleged victims.

17       48.    Defendants' acts and practices, as described above, has the effect of misleading

18   consumers into believing they will have access to all of the program benefits by paying the monthly

19   fee.

20       49.    As a result of the conduct described above, Defendants have been, and will continue

21   to be, unjustly enriched at the expense of Plaintiff and members of the proposed Class.

22   Specifically, Defendants have been unjustly enriched by the profits it has obtained from Plaintiff

23   and the Class from the purchases of Defendants' monthly membership program.

24       50.    Through its unlawful, unfair, and fraudulent acts and practices, Defendants have

25   obtained, and continue to unfairly obtain, money from members of the Class.  As such, Plaintiff

26   requests that this Court cause Defendants to restore this money to Plaintiff and all Class members,

27   to disgorge the profits Defendants made on these transactions, and to enjoin Defendants from

28

- 10 -

QUINTANILLA CLASS ACTION COMPLAINT

Exhibit 1

15

1  continuing to violate the Unfair Competition Law as discussed herein. Otherwise, the Class may

2  be irreparably harmed and/or denied an effective and complete remedy if such an order is not

3  granted.

4      51.    WHEREFORE, Plaintiff and the Class members she seeks to represent request

5  relief as described herein and below.

6  <center>**Third Cause of Action**</center>

7  <center>**Violation of California's False Advertising Law,**</center>

8  <center>**California Business & Professions Code §§17500, *et. Seq***</center>

9      52.    Plaintiff repeats and incorporates herein by reference every allegation set forth

10  above, as though fully set forth herein.

11      53.    Plaintiff brings this claim individually and on behalf of the Class members.

12      54.    California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*

13  makes it "unlawful for any person to make or disseminate or cause to be made or disseminated

14  before the public in this state, ... in any advertising device ... or in any other manner or means

15  whatever, including over the Internet, any statement, concerning ... personal property or services,

16  professional or otherwise, or performance or disposition thereof, which is untrue or misleading

17  and which is known, or which by the exercise of reasonable care should be known, to be untrue or

18  misleading."

19      55.    Defendants engaged in a scheme of charging customers the monthly membership

20  fee even after they closed their WEIGHT WATCHERS locations, consequently, denying the full

21  benefits of the membership to Plaintiff and the Class members.

22      56.    Defendants' advertisements and inducements were made in California and come

23  within the definition of advertising as contained in Bus. & Prof. Code § 17500, *et seq.* in that the

24  promotional materials were intended as inducements to enroll in WEIGHT WATCHERS

25  programs, and are statements disseminated by Defendants to Plaintiff and Class members.

26  Defendants knew that these statements were inaccurate and misleading.

27      57.    Defendants' advertising that the WEIGHT WATCHERS programs are accessible,

28

<center>- 11 -</center>

QUINTANILLA CLASS ACTION COMPLAINT

Exhibit 1

16

and that its customers would have access to its various locations and services upon paying a monthly membership fee is false and misleading to reasonable consumers, including Plaintiff, because Defendants in fact closed its WEIGHT WATCHERS locations while continuing to charge customers for access.

58.     Defendants violated § 17500, *et seq.* by misleading Plaintiff and Class members to believe that they would be charged fees only when they have access to WEIGHT WATCHERS.

59.     Defendants knew or should have known, through the exercise of reasonable care that its advertising of WEIGHT WATCHERS as being accessible is false and misleading. Further, Defendants knew or should have known that it was breaching its contracts with its customers and fraudulently charging fees when it continued charging fees while WEIGHT WATCHERS' locations were closed.

60.     Plaintiff and Class members lost money or property as a result of Defendants' violation because (a) they would not have purchased or paid for WEIGHT WATCHERS absent Defendants' representations and omission of a warning that it would continue charging customers' credit cards and debit cards while WEIGHT WATCHERS locations nationwide are closed; (b) they would not have purchased or paid for a WEIGHT WATCHERS program on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for a WEIGHT WATCHERS' program based on Defendants' misrepresentations and omissions; and (d) WEIGHT WATCHERS programs did not have the characteristics, benefits, or quantities as promised.

### Fourth Cause of Action

### Money Had and Received

61.     Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

62.     Plaintiff brings this claim individually and on behalf of the Class members.

63.     Defendants received and continue to receive monthly membership fees that were intended to be used for the benefit of Plaintiff and the Class members. Defendants did not use

- 12 -

QUINTANILLA CLASS ACTION COMPLAINT

Exhibit 1

17

those membership fees for the benefit of Plaintiff and the Class members and has not returned any of the wrongfully obtained money.

64.   WHEREFORE, Plaintiff, and the Class members she seeks to represent, request relief as described herein and below.

### Fifth Cause of Action

### Unjust Enrichment

65.   Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

66.   Plaintiff brings this claim individually and on behalf of the Class members.

67.   Plaintiff and Class members conferred benefits on Defendants by paying its monthly membership fees.

68.   Defendants have knowledge of such benefits.

69.   Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' monthly membership fees without providing the expected full services.

70.   Retention of Plaintiff's and Class members monthly membership fees under these circumstances is unjust and inequitable because Defendants are not providing all of the membership benefits they represented to Plaintiff and Class members, including access to its physical locations.

71.   Defendants retaining the monthly membership fee injures Plaintiff and Class members because they are not receiving the full benefits of Defendants' monthly service.

72.   Because Defendants' retention of the non-gratuitous benefits conferred on it by Plaintiff and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiff and members of the Class for Defendants' unjust enrichment, in an amount to be determined at trial.

73.   WHEREFORE, Plaintiff, and the Class she seeks to represent, request relief as described herein and below.

- 13 -

QUINTANILLA CLASS ACTION COMPLAINT

Exhibit 1
18

### Sixth Cause of Action

**Breach of Contract, Including Breach of the Implied Covenant of Good Faith and Fair Dealing**

74.     Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

75.     At all relevant times, Plaintiff and the Class paid monthly membership fees to Defendants and have otherwise performed all obligations under the contract.

76.     As alleged above, Defendants owed duties and obligations to Plaintiff including the duty to only charge Plaintiff and the Class membership fees if Defendants provided the membership benefits to Plaintiff and the Class.

77.     In addition, every contract imposes a duty of good faith and fair dealing on the parties with respect to the performance and enforcement of the terms of the contract. Broadly stated, the covenant requires that neither party do anything which will deprive the other of the benefits of the agreement. The implied covenant is aimed at making effective the agreement's promises, and it is breached when a party seeks to prevent the contract's performance or to withhold its benefits from the other party.

78.     Defendants breached the covenant of good faith and fair dealing because, to the extent Defendants had the discretion to bill the monthly membership rate, that discretion was sufficiently constrained under the terms of the contract to support an implied obligation of good faith and fair dealing.

79.     Defendants exercised its discretion in bad faith and breached the implied covenant of good faith and fair dealing by, among other things charging Plaintiff and the Class membership and usage fees even after Defendant closed its physical locations and by not refunding the full amount of the charges.

80.     Defendant's contractual breaches, including its breach of the implied covenant of good faith and fair dealing, caused Plaintiff and the Class to suffer damages in an amount to be determined at trial.

- 14 -

QUINTANILLA CLASS ACTION COMPLAINT

Exhibit 1
19

81.   WHEREFORE, Plaintiff, and the Class members she seeks to represent, request relief as described herein and below.

## VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

1.  Certifying the Class and California Subclass as requested and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

2.  Award declaring that Defendants' conduct violates the statutes and laws referenced herein;

3.  For an award finding in favor of Plaintiff and the Class members on all counts asserted herein;

4.  For compensatory damages in amounts to be determined by the Court and/or jury;

5.  For prejudgment interest on all amounts awarded;

6.  For an order of restitution and all other forms of equitable monetary relief;

7.  For injunctive relief as pleaded or as the Court may deem proper;

8.  For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

9.  For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

DATED: May 21, 2020                     JAMES HAWKINS APLC

- 15 -

QUINTANILLA CLASS ACTION COMPLAINT

Exhibit 1
20

By: _____

JAMES HAWKINS
GREGORY MAURO
MICHAEL CALVO

Attorneys for Plaintiff
SANDRA QUINTANILLA, individually and
on behalf of all others similarly situated

- 16 -

QUINTANILLA CLASS ACTION COMPLAINT

Exhibit 1
21